MAST *v.* WASHTENAW CIRCUIT JUDGE.

1. EXECUTION—AVAILABILITY—CHANCERY DECREE—FORM OF DE-
   CREE.
      That a chancery decree ordering the payment of money fails to
      contain an order for an execution does not determine the
      complainant's rights in that respect, since if by law he is en-
      titled to an execution an application for a modification of the
      decree would be proper.

2. CONTEMPT — PROCEEDINGS — ENFORCEMENT OF DECREE — EXIS-
   TENCE OF OTHER REMEDY—EXECUTION.
      A chancery decree ordering defendants "severally or jointly to
      pay $7,610.31 trust funds" to the register of the court,
      founded on a showing that as to that fund they were
      trustees ex mala fides, is not an order that a particular fund
      be turned over in specie, but is a decree enforceable by exe-
      cution, and proceedings to punish them as for contempt for
      disobedience of the order are not open. Section 10891, 3
      Comp. Laws.

Mandamus by Theodore E. Mast to compel Edward D.
Kinne, circuit judge of Washtenaw county, to enter an
order adjudging certain persons guilty of contempt for
failure to comply with the terms of a decree. Submit-
ted September 8, 1908. (Calendar No. 22,937.) Writ
denied November 2, 1908.

*Robert E. Bunker*, for relator.

*M. J. Lehman* and *A. J. Sawyer*, for respondent.

MONTGOMERY, J.    This is an application for a manda-
mus to require the respondent to proceed to punish George
H. Purchase and Elmer C. Glenn for contempt of court.
The alleged contempt was a failure to pay over the amount
of a certain decree pronounced by the circuit court in
chancery in a case in which the relator in this proceeding

is complainant.   The bill was filed alleging that the complainant, the defendants Purchase and Glenn, and a large number of other parties, who were made defendants because of interest in the subject-matter, joined in the enterprise of obtaining an option to purchase a so-called oil lease from one Charles W. Miller.   The bill alleged that Purchase and Glenn misrepresented to the complainant and others that they were required to pay to Miller for this option the sum of $10,500, and that the land covered by the option or lease was valuable oil land, and various other averments of fraud, the truth of which was negatived in the bill.   An issue of fact was made upon these averments, but the circuit court found that they were true, and it was further found that the defendants Purchase and Glenn had not accounted for the moneys which had come into their hands, and that there still remains in their hands a fund of $7,000.   A decree was thereupon entered, finding as a fact that the said Purchase and Glenn now have in their possession $7,000 of said trust funds, and have had the same since September 1, 1906, together with interest thereon, amounting to the sum of $610.31, and concluding with the order:

"And thereupon it is ordered and directed, and the court hereby orders and directs said Purchase and Glenn severally or jointly to pay said $7,610.31 trust funds to the register of this court within 10 days from this date, and orders said register on receipt of said funds to deposit them to the credit of this cause in the First National Bank of Ann Arbor, there to await the further order of this court."

Upon the application for an order to commit for contempt for failure to comply with the provisions of this decree, the circuit judge ruled that the case was one in which an execution might by law issue for the collection of the debt, and that in view of the provisions of section 10891, 3 Comp. Laws, the remedy of proceedings as for contempt is not open.

The petitioner relies upon *Carnahan* v. *Carnahan*,

143 Mich. 390, and the question is whether this case falls within the holding in that case, in which an order committing for contempt was sustained.   What was decided in that case was this:   That in that proceeding it was competent for the court to adjust the property relations of the two parties in the case, and that in doing so the court had directed a specific fund, then on deposit in the name of the defendant and equitably belonging to the complainant, to be turned over in specie—an order which the defendant had failed to comply with.   Obviously an execution in ordinary form could not have accomplished what was here attempted, viz., the laying hold of a particular fund beyond the jurisdiction of the court and turning that over to the complainant.   It is claimed that, in view of the finding of the circuit judge, this case is in all respects similar to the case cited.   It is to be noted, first, that the form of the order in the decree should not be held to conclude inquiry as to whether the remedy of execution is still open to the party.   See *Swarthout* v. *Lucas*, 102 Mich. 492.   The fact that the decree fails to contain an order for an execution does not determine the complainant's rights in that respect.   If by law he is entitled to an execution on such a decree, application for a modification of the decree might be made.

But it is said that there was a finding here by the circuit judge that this fund remained in the hands of the defendants Purchase and Glenn.   The return indicates, and the whole record discloses, that the sense of this finding was that Purchase and Glenn had not accounted for the money, and that it was in that sense that it still remains in their hands.   There is no claim that there was any showing that there was any specific money anywhere upon which it would be possible for either Glenn or Purchase to give a check or an assignment, or that they had control of any money at the time of the hearing in this case, except that it appeared that they were as to this fund trustees ex mala fides.   We think something more than this was necessary to be shown to bring the case

within *Carnahan* v. *Carnahan*, 143 Mich. 390, and that this is an attempt to enforce a money decree by proceedings for contempt, when the remedy by execution is open.

The writ is denied.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.