BEHRENS *v.* CHEVRIE.

1. EXECUTION—CAPIAS AD SATISFACIENDUM—PROCEEDINGS STATUTORY.

Proceedings by *capias ad satisfaciendum* are statutory, and judgment creditor is entitled to execution as matter of right (3 Comp. Laws 1929, §§ 14538, 14565, 14729–14731).

2. SAME—ORDER ADMITTING TO BAIL MUST CONFORM WITH STATUTE. Where judgment debtor was taken into custody under *capias ad satisfaciendum*, order admitting him to bail in less than statutory amount, and permitting him to go beyond jail limits of county notwithstanding bail bond and body execution, was in violation of statute (3 Comp. Laws 1929, §§ 14729–14731).

Appeal from Ingham; Collingwood (Charles B.), J. Submitted May 19, 1931. (Calendar No. 35,719.) Decided June 25, 1931.

Action by Henry G. Behrens against Joe Chevrie resulted in judgment for plaintiff for $3,500 and costs. Under a *capias ad satisfaciendum* defendant was taken into custody. From order admitting defendant to bail in less than statutory amount and permitting him to go beyond jail limits of county, plaintiff appeals. Reversed.

*Roy T. Conley,* for plaintiff.

NORTH, J. This appeal presents the question as to the right or power of the circuit court to release a defendant from the service of a writ of *capias ad satisfaciendum* in any manner other than that provided in the statute.

Plaintiff having a judgment for $3,500 and costs of $138.75 against defendant, properly caused the latter to be taken into custody under a writ of *capias ad satisfaciendum*. The day following service of the writ (February 5, 1931), defendant, on an *ex parte* hearing before the circuit judge, secured an order admitting him to $5,000 bail until the 7th day of February, 1931. On this date on defendant's motion and over plaintiff's objection the matter was again adjourned one week. On the adjourned date a similar continuance was granted to April 1, 1931. Again on April 1, over plaintiff's objection, an order was entered as follows:

"Now, therefore, it is ordered that said cause be adjourned until September, 1931, and that the bond now on file (in the amount of $5,000) in said court permitting said Joe Chevrie jail limits in said county (Ingham) to be in full force and effect. Said Joe Chevrie will be allowed to go into Jackson county to attend to his business notwithstanding said bond and said body execution."

Plaintiff has appealed, and asks that this order be vacated. Proceedings by *capias* are statutory. A judgment creditor is entitled to execution as a matter of right. *Wallace* v. *Finnegan,* 14 Mich. 170 (90 Am. Dec. 243); *Jenness* v. *Lapeer Circuit Judge,* 42 Mich. 469, 472.

"Such execution may be either: (1) Against the goods and chattels, lands and tenements of the party against whom such judgment was recovered; or (2) Against the body of such party, in the cases authorized by law." 3 Comp. Laws 1929, § 14538.

"Whenever any person shall be arrested by virtue of any execution issued upon any judgment, he shall be safely kept in secure custody, in the manner prescribed by law, at his own expense, until he shall

satisfy the execution, or be discharged according to law." 3 Comp. Laws 1929, § 14565.

"Every person who shall be in custody of the sheriff of any county by virtue: * * * (2) Of any execution in a civil action; * * * shall be entitled to the liberty of the jail limits, which limits shall be co-extensive with the limits of such county, upon executing a bond to such sheriff and his assigns, as prescribed in the next section." 3 Comp. Laws 1929, § 14729.

The bond on which defendant was released should have been in a penal sum not less than double the amount of the judgment. See 3 Comp. Laws 1929, § 14730. And the statute also provides:

"Such bond shall be conditioned, that the person so in custody of such sheriff, shall not at any time or in any manner, escape or go without the jail limits of the county, until legally discharged." 3 Comp. Laws 1929, § 14731.

It is self-evident that the order of the circuit judge releasing defendant was in violation of the statutory provisions. It must be set aside, and the defendant returned to the custody of the sheriff, there to remain until plaintiff's judgment is satisfied or until a bond is given in accordance with the statutory provisions for his release within the jail limits, or until he is otherwise lawfully released. Plaintiff will have costs on this appeal against the defendant Joe Chevrie.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.