SHAFER v. SHAFER.

1. DIVORCE—PERMANENT ALIMONY DEFINED.
  Permanent alimony is allowance which husband, on order of court, must pay to wife on granting of divorce between them; power to make said award being purely statutory (3 Comp. Laws 1929, § 12745).

2. SAME—ACTION AT LAW FOR ALIMONY NOT MAINTAINABLE.
  Award for permanent alimony being subject to modification, action at law may not be maintained on it, except in cases where decree is obtained in another State (3 Comp. Laws 1929, § 12770).

3. SAME—ATTACHMENT.
  Default in payment of permanent alimony may be prosecuted by attachment (3 Comp. Laws 1929, § 12773 et seq.).

4. SAME—WHEN ENFORCEABLE BY CONTEMPT.

For wife to resort to contempt proceedings to enforce payment of alimony awarded in divorce decree, it must clearly appear that stated allowance is made therein for alimony alone.

5. SAME.

Where divorce decree provided for payment by husband of certain sum weekly ''as and for permanent alimony, release of dower, * * * and property settlement,'' wife is not entitled to enforce payment thereof by contempt proceedings, since amount awarded for alimony in said decree is not determinable.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted January 14, 1932. (Docket No. 146, Calendar No. 36,237.) Decided March 2, 1932.

Divorce proceedings between Margie A. Shafer and Frank L. Shafer. Decree for plaintiff. On petition of plaintiff to declare defendant in contempt for nonpayment of alimony. Petition denied. Plaintiff appeals. Appeal dismissed.

*Brown, Stoneman, Lorenzo & Springstun,* for appellant.

*Dykema, Jones & Wheat,* for appellee.

SHARPE, J. In this uncontested divorce case, in which a decree was granted to plaintiff on July 10, 1930, it appeared that the parties had, before the hearing, entered into a property settlement which was approved by the court and embodied in the decree. It contained the following provision:

''As and for permanent alimony, release of dower of Mrs. Shafer in the lands of Mr. Shafer and property settlement between the parties, the defendant, Frank L. Shafer, shall pay or cause to be paid to the plaintiff, Margie A. Shafer, until her marriage or

death, at such place as shall be designated by her or by her attorneys, or to the friend of the court, fifty dollars ($50.00) promptly on the first day of each week hereafter and no application shall be made by either party to change said requirement as to the amount of said payment, *also one dollar in lieu of the dower of the plaintiff in the property of the defendant and in full satisfaction of all claims that she shall have in any property which defendant now owns or may hereafter own or in which he may have an interest.*"

It further provided that defendant assign to plaintiff land contracts "approved by her counsel" of the face value of $20,000, and that he forthwith pay to her the sum of $5,000 in cash, and to her attorneys the sum of $1,000.

The trial court stated in the opinion filed by him that the words italicized were written in with pen and ink by the attorney for the defendant at the time the decree in typewriting was presented to him for signing, and that it was so inserted "to technically comply with Act No. 259, Pub. Acts 1909 (3 Comp. Laws 1929, §§ 12766–12769)." It follows almost verbatim the language of the statute.

The weekly payment of $50 was made until about June 12, 1931, when defendant petitioned for leave to apply for a reduction thereof. Over plaintiff's objection, such leave was granted, and the petition therefor referred to the friend of the court, who reported recommending a reduction thereof to $35 per week. On the hearing thereof, the petition was dismissed on motion of plaintiff's attorneys for the reason, as stated by the trial court in the order made (Judge Allan Campbell presiding), "that the weekly payments are not alimony but are an integral and component portion of a property settlement agreement which was incorporated in the decree entered herein."

Thereafter, on October 1, 1931, the plaintiff filed a petition praying that defendant be punished for contempt for failing to make such weekly payments. On the return of an order to show cause, the trial court (Judge Vincent M. Brennan presiding) placed a similar construction upon the language of the decree, and, without passing upon the claim of the defendant that plaintiff's right to the ruling sought was rendered *res judicata* by the order of Judge Campbell, dismissed the petition. From the order so entered the plaintiff has appealed.

Permanent alimony is an allowance which a husband, on the order of the court, must pay to his wife on the granting of a divorce between them. The power to make an award therefor is purely statutory (3 Comp. Laws 1929, § 12745), and, being subject to modification, an action at law may not be maintained upon it (*Nixon* v. *Wright,* 146 Mich. 231 [10 Ann. Cas. 547]) except in cases where the decree is obtained in another State (section 12770). Default in payment may be prosecuted by attachment (section 12773 *et seq.*). But, to entitle a divorced wife to resort to such means, it must clearly appear that under the decree she is entitled to the payment of a specific sum as alimony and that the provision therefor does not also include an allowance for dower or other moneys or property awarded her on a property settlement made between them.

The provision in the decree for the payment of the $50 weekly was "as and for permanent alimony, release of dower * * * and property settlement." The words added by defendant's attorney in no way affected the construction which should be given to this language. The after provision clearly indicated that the decree rendered was not to provide alimony for plaintiff, but that, taken as a whole, it simply embodied the provisions of the property settlement as

made by the parties prior to its entry. In this decree it cannot be determined how much of the weekly payment provided for was for permanent alimony. (See *Harner* v. *Harner,* 255 Mich. 515.) Where a decree is entered in approval of and pursuant to a property settlement, its entire provision in that respect must be considered, and for the plaintiff to resort to contempt proceedings it must clearly appear that a stated allowance is made therein to her for alimony alone.

The conclusion reached renders it unnecessary to pass upon the other question presented.

The appeal is dismissed, with costs to appellee.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.