STELLWAGEN *v.* STELLWAGEN.[*]

1. DIVORCE — PROPERTY SETTLEMENT — MODIFICATION OF DECREE — LAPSE OF TIME.

Provision in divorce decree requiring payment of $18,000, incorporated therein pursuant to property settlement between the parties and not made a lien upon property, *held,* a final money decree beyond power of court to modify after lapse of 10 years.

2. JUDGMENT—ENFORCEMENT—TIME.

A court has the power to modify the time within which its decree may be enforced.

3. DIVORCE—STATUTES.

Divorce proceedings in this State are entirely statutory.

4. EXECUTION—ENFORCEMENT OF CHANCERY DECREE.

A successful litigant is entitled to execution, if needed, to enforce a chancery decree in his favor (3 Comp. Laws 1929, § 14685).

[*] See Bartholomae v. Stellwagen, *post,* 618.

5. DIVORCE—STAY OF EXECUTION—ABUSE OF DISCRETION—EQUITY.

Denial of execution against husband as to money provision incorporated in divorce decree, which was not made a lien upon property, some 10 years after decree was given, *held,* not an abuse of discretion, notwithstanding plaintiff's failure or refusal to give quitclaim deed as directed by decree which might render it inequitable to enforce independent money provision of enrolled decree, since to stay execution would be doing indirectly that which court was without power to do directly (3 Comp. Laws 1929, § 14685).

6. SAME—EVIDENCE—UNAMBIGUOUS DECREE NOT EXPLAINABLE BY EXTRANEOUS MATTERS.

Extraneous matters may not be resorted to for the purpose of giving a meaning to a complete and unambiguous divorce decree which its language, without such help, would not carry.

Appeal from Wayne; Campbell (Allan), J. Submitted July 14, 1936. (Calendar No. 39,087.) Decided October 5, 1936. Rehearing denied November 9, 1936.

Divorce proceeding by Gladys Z. Stellwagen against Karl D. Stellwagen. On motion of defendant for stay of execution. Motion denied. Defendant reviews denial of motion by appeal in nature of mandamus. Writ denied.

*Colby, Berns & Costello (Willard H. Bracklow,* of counsel), for plaintiff.

*Juntunen & DeCoursey,* for defendant.

NORTH, C. J. On April 23, 1936, plaintiff, formerly Gladys Z. Stellwagen, but now Bartholomae, brought a suit at law in the circuit court of Wayne county to recover $18,000 and accrued interest, claiming that the principal sum was decreed to her as part of the adjustment of property rights in a divorce suit wherein plaintiff was granted a decree of divorce

from her former husband, Karl D. Stellwagen. The decree of divorce was granted in the Wayne county circuit court in chancery May 6, 1926. After the suit at law was instituted and on May 12, 1936, defendant Karl D. Stellwagen, by a motion filed in the divorce case, sought "a stay of execution as to the enforcement of the payment" of the $18,000 as provided in the divorce decree. He also sought to have stayed the enforcement of a provision in the decree requiring him under certain conditions to pay to plaintiff $200 per month. After a hearing the circuit judge denied the stay. Having first obtained leave, defendant has appealed, the proceedings being in the nature of mandamus.

In support of his appeal appellant asserts abuse of discretion by the circuit judge and other reasons not necessary to detail. The rather lengthy and detailed decree of divorce appears in full in the record. Much of it is in no way material to the present controversy, including the provision as to the $200 per month payment. The decree carried into effect a property settlement previously entered into by Mr. and Mrs. Stellwagen. By the terms of this settlement the husband agreed to pay the wife $18,000 for her interest in property which may herein be designated as Louis Savage's Garfield Park Subdivision, which the parties were purchasing under land contract. In carrying out this provision of the property settlement the decree provided that Mrs. Stellwagen should quitclaim her interest in the above property to Mr. Stellwagen. In an earlier paragraph of the decree it is provided:

"That the said defendant shall pay to the said plaintiff a further sum of $18,000, to be paid in four (annual) instalments."

The final paragraph of the decree reads:

"The provisions hereinbefore made, shall be and are in lieu of all dower rights of plaintiff, Gladys Z. Stellwagen, in any and all property of the said defendant, Karl D. Stellwagen, now owned by him or hereafter acquired by him, and in full satisfaction of any and all claims which the said plaintiff, Gladys Z. Stellwagen, may have in any property which the said defendant, Karl D. Stellwagen, owns, or may hereafter own, or in which he has any interests."

Appellant bases his claim of right to "a stay of execution" on his allegation, which is not denied in this record, that Mrs. Stellwagen "failed and refused" to give him a quitclaim deed of her interest in the Garfield Park Subdivision. As a matter of fact in the interim of 10 years since the decree the parties have lost all their rights and interest in this property by foreclosure. We think it conclusively appears that the decretal provision requiring the payment of $18,000 was a part of the decreed property settlement between these parties. As such it was a final money decree and beyond the power of the court to modify at this late date. *Kutchai* v. *Kutchai*, 233 Mich. 569.

From their briefs it appears there is little, if any, disagreement between counsel for the respective parties as to the above statement of the legal aspect of this case. But appellant asserts that while the circuit judge is without power to modify the property provisions contained in the divorce decree, nonetheless the circuit judge does have power to stay execution of the property provisions in the decree. And further appellant asserts that the refusal of the circuit judge in this instance to stay execution of the decretal provision requiring appellant to pay appellee $18,000 was an abuse of discretion.

The only decision of this court called to our attention by appellant in support of his contention that the court has power to stay execution is *Cadotte* v. *Cadotte*, 120 Mich. 667. Reference to the context of this case discloses that it does not go far enough to sustain appellant's contention. Instead it holds only that a court has the power to modify the time within which its decree may be enforced. We quote from the opinion written by Justice MONTGOMERY:

"It is contended by appellant that the court cannot, after enrollment, alter or amend its decree. * * * While the court has not, after enrollment, power to amend the decree without a rehearing, it retains the power to modify by a subsequent order the time of its enforcement."

Regardless of judicial pronouncement to the contrary in other jurisdictions (see *Spann* v. *Spann*, 2 Hill Eq. [S. C.] 152), it is thoroughly settled in this State that property settlement provisions (not alimony provisions) in a divorce decree are final and not subject to modification after enrollment. In determining the question before us we must be mindful that in this State divorce proceedings are entirely statutory. *Kutchai* v. *Kutchai, supra*. A successful litigant is entitled to execution, if needed, to enforce a decree in his favor. 3 Comp. Laws 1929, § 14685. *Belting* v. *Wayne Circuit Judge*, 245 Mich. 111. If the court may stay execution in such case, then indirectly the court may deprive a party litigant of that to which he or she has a right by the express terms of a final decree. This is exactly what appellant seeks to accomplish as to appellee's right to the decreed $18,000. It is an attempt to accomplish indirectly through the court that which the court has no power to do directly. This may not be done.

Since the decree in the divorce case was final as to the parties' property rights, we are not permitted to consider Mrs. Stellwagen's failure or refusal to quitclaim as producing a situation which renders it inequitable to require payment by appellant. If such failure or refusal were a material consequence, Mr. Stellwagen had a very obvious remedy. His failure to assert his right in that particular cannot at this late date be charged against appellee. The circuit judge was correct in denying the stay of execution. He did not have that power, therefore, there was no abuse of discretion.

We have not overlooked appellant's contention that since the final decree contains the provision that it "shall be read and construed with the provisions of the (property) agreement hereinbefore referred to" that therefore plaintiff's failure or refusal to execute and deliver the quitclaim deed should be read into the decree and held to constitute an equitable ground for "staying execution" of the decretal property provisions. Even the property settlement does not so provide. There is no ambiguity in the decree and it speaks finality for itself.

"Where a divorce decree is complete and unambiguous in itself, extraneous matters may not be resorted to for the purpose of giving it a meaning which its language, without such help, would not carry." *Belting* v. *Wayne Circuit Judge* (syllabus), *supra.*

See, also, *Boyle* v. *Berg,* 242 Mich. 225.

The instant case is unlike *Winter* v. *Winter,* 270 Mich. 707. In that case the decree provided the method of enforcing its terms as to the payment of a sum of money awarded to the wife in a property

settlement. The wife was given a lien upon specific property. Because of such provision we denied the wife's petition for an amended decree which would grant to her execution with which to enforce payment. But in the case now before us the wife by a separate and definite provision of the decree was awarded $18,000. It was a money decree, not made a lien upon property, and with no specific provision made in the decree as to method of enforcement. Instead the decree contains the general provision "that the plaintiff shall have all rights and remedies given to her by law, to enforce this decree."

Hereinbefore we have stated that the provision of the decree as to a $200 monthly payment by defendant to plaintiff is not involved in the present suit. This conclusion is justified by appellee's brief which in effect disavows any present claim on the part of plaintiff against defendant based upon the $200 provision in the decree.

The writ of mandamus is denied. Costs to appellee.

FEAD, WIEST, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.