FOURTH DEPARTMENT, JANUARY, 1941.

(January 8, 1941.)

In the Matter of the Application of PAUL H. RITCHEY, a Bankrupt, to Have Certain Judgments against Him Discharged of Record.

PAUL H. RITCHEY, Appellant; ADDIE V. RITCHEY, Respondent.

All concur, except Dowling and Harris, JJ., who dissent and vote for reversal and for granting the motion, in an opinion by Dowling J. Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

DOWLING, J. (dissenting). On November 2, 1925, the appellant procured a decree of absolute divorce from the respondent in Ionia county, Mich. The respondent served an answer in that case and was represented on the trial by counsel. Section 25.86, chapter 245, volume 18, Michigan Statutes Annotated, Domestic Relations, permits the granting of a divorce either for adultery or for desertion for a period of two years on the part of either spouse. Before the granting of the decree, the parties entered into a written agreement by the terms of which the appellant surrendered to the respondent certain items of property and made to her order eight promissory notes totalling $8,000. Appellant also agreed to pay to the respondent the sum of sixty dollars per month during the minority of the youngest child of the marriage. The settlement agreement was referred to in the final decree of divorce. The decree in substance barred the wife from any claim for alimony and property rights in the estate of the husband " in consideration of the payment and obligations undertaken by the said Paul H. Ritchey and ordered by this decree, as herein set forth." Appellant transferred the property and made the payments specified in the settlement agreement with the exception of said notes. He paid part of the notes and then defaulted. The notes were negotiable and were in no way earmarked as having been given for alimony. The above Michigan statute empowered the Michigan courts to grant alimony to a wife who was divorced for a cause other than adultery. On November 2, 1935, the respondent recovered a judgment on said notes in Monroe county, N. Y., in the amount of $8,437.71. Nothing was paid on this judgment. On March 29, 1937, appellant was adjudicated a bankrupt in the United States District Court, Western District of New York. He listed the respondent's judgment in his bankruptcy schedules as a debt and gave due notice of the bankruptcy proceedings to the respondent. On November 8, 1937, on due notice to respondent, an order was made in the District Court of the United States, Western District of New York, discharging the appellant from all debts and claims provable against his estate as of March 29, 1937, " excepting such debts as are by law excepted from the operation of a discharge in bankruptcy." After the expiration of one year following the entry of the order discharging the appel-

lant, he moved, under section 150 of the Debtor and Creditor Law, for an order discharging of record the respondent's judgment. Respondent opposed the motion on the ground that the judgment was for alimony and, therefore, was not dischargeable in bankruptcy. The court sustained her contention and denied the motion. From the order denying the motion an appeal has been taken to this court and we are to decide the validity of that order.

In her complaint in the action upon said notes, the respondent, referring to the divorce decree and to the property settlement, alleged in part: " That said decree so granted further provided that the property settlement theretofore made between the parties to said action be confirmed * * * that by said decree and by said property settlement, of which said notes were a part, that plaintiff herein was barred from any claim for alimony, temporary or permanent, suit and expense money, support money for the minor child and all dower rights, third rights, rights of inheritance, and all other property rights that she might have or allege herself at any time to have, by reason of having been the wife of said Paul H. Ritchey, in and to all property real and personal at the time of said decree owned, or which the said Paul H. Ritchey may thereafter acquire in consideration of the payment and obligations undertaken by said Paul H. Ritchey and ordered by said decree. * * * That in accordance with said property settlement and in conformity with said decree defendant, Paul H. Ritchey, executed and delivered to the plaintiff herein his eight promissory notes * * *." From this allegation it is to be noted that respondent characterized the notes as a part of the property settlement and not as having been given for alimony. This allegation was advisedly made for the reason that had the notes been given for alimony she would have been confined to the remedy provided by the Michigan statute, namely, by execution, contempt or attachment proceedings. (*Shafer* v. *Shafer*, 257 Mich. 372; 241 N. W. 144.) Moreover, neither the settlement agreement nor the divorce decree placed any limitation on the use of the property turned over to the respondent which might have been the case had the property and the notes been given for alimony. (*Matter of Ridder*, 79 F. [2d] 524.) Property settlements between husband and wife are not exempted under section 17 of the National Bankruptcy Act. (U. S. Code, tit. 11, § 35.) The Michigan courts have consistently construed similar property settlements in divorce actions as simple debts and not as alimony. (*Commissioner of Internal Revenue* v. *Tuttle*, 89 F. [2d] 112, and cases cited; *Shafer* v. *Shafer*, *supra*; *Stellwagen* v. *Stellwagen*, 277 Mich. 412; 269 N. W. 216.) Under the Michigan statute support money is not an essential ingredient of a cause of action for divorce. It is merely incidental to such an action.

We think the judgment in question was a simple debt and as such was dischargeable in bankruptcy. The case of *D'Andria* v. *Hageman* (253 App. Div. 518; affd., 278 N. Y. 630) is distinguishable on the facts. In that case the wife relinquished her right to support in consideration of the husband's promise to pay her the sum of $60,000, which she had advanced to him. He paid $10,000 and then defaulted. The court held that his promise, under the circumstances, did not constitute one for the payment of a simple debt and that, therefore, the debt was not dischargeable in bankruptcy. The agreement in that case was in no sense a property settlement. Moreover, the wife, relying upon the husband's promise to pay the $60,000, had relinquished her right to alimony in the action

wherein she recovered an absolute divorce against her husband. Whereas in the divorce action between the appellant and the respondent, the respondent was allowed sixty dollars per month for support money during the minority of the youngest child of the parties.

The order should be reversed and the motion should be granted.

Harris, J., concurs with Dowling, J.