LANDY v LANDY

Docket No. 66091. Submitted May 16, 1983, at Detroit.—Decided
January 17, 1984.

In 1978, Betty L. Landy, plaintiff, and Robert B. Landy, defen-
dant, were divorced by a judgment of the Oakland Circuit
Court. As part of the property division plaintiff was ordered to
pay defendant $85,800, interest free, at the rate of $300 per
week. Very few payments were made. Defendant secured a writ
of execution on the divorce judgment in 1980, claiming that he
was owed more than $31,000. Plaintiff moved to quash the writ.
The writ was quashed in 1981, Frederick C. Ziem, J., but a
second writ was issued by the same court. Levy was made
against real property belonging to plaintiff in Macomb County,
but sale of the property was stayed. Ultimately, the court,
Frederick C. Ziem, J., held that it was without jurisdiction to
grant the writ of execution sought by defendant, stating that
defendant must seek that writ in Macomb County. To preserve
the status quo, however, the court allowed the previous order of
execution and notice of levy on real estate to remain in force
and enjoined defendant from selling, assigning, encumbering,
destroying, or otherwise disposing of the property in question.
Plaintiff appealed the decision allowing the notice of levy to
remain in place and enjoining her from acting with respect to
her property. Defendant cross-appealed, challenging the court's
holding that it lacked jurisdiction to issue the writ of execution.
*Held:*

1. The circuit court erred by refusing to recognize its jurisdic-
tion to grant execution on the payment provisions of its divorce
judgment. Any court of record in Michigan may issue a writ of
execution to collect a judgment to the sheriff or other proper
officer of any county of the State of Michigan.

2. A court which grants a divorce has the power to make a

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts §§ 101, 103.
  30 Am Jur 2d, Executions § 35.
[2, 3] 24 Am Jur 2d, Divorce and Separation §§ 750, 752.

judgment for money which is subject to execution for its satisfaction.

3. The trial court acted fully within its power in attempting to preserve the status quo.

Remanded for further proceedings.

1. COURTS — JURISDICTION — EXECUTION.

Any court of record may issue a writ of execution to collect a judgment to the sheriff or other proper officer of any county of the state (MCL 600.6001; MSA 27A.6001).

2. DIVORCE — MONEY JUDGMENTS — EXECUTION.

A court which granted a divorce has the power to make a judgment for money which is subject to execution for its satisfaction as part of its final judgment; the court may also enter money judgments upon motion where appropriate.

3. DIVORCE — MONEY JUDGMENTS — EXECUTION.

A divorce judgment containing a money judgment need not state specifically that the money judgment may be enforced by execution; the right to execute is implicit in any judgment for money (MCL 600.6001; MSA 27A.6001).

*Fred H. Freeman,* for plaintiff.

*Faintuck, Shwedel, Wolfram & Braitman* (by *William G. Wolfram),* for defendant.

Before: T. M. BURNS, P.J., and D. F. WALSH and C. W. SIMON, JR.,* JJ.

PER CURIAM. Both parties appeal from various orders of the Oakland County Circuit Court entered subsequent to proceedings by defendant to collect on obligations imposed on plaintiff by the property division provisions of a judgment of divorce. All of the proceedings involved on appeal were conducted by the judge who granted the divorce.

The parties were divorced in 1978. As part of the property division, plaintiff was ordered to pay

* Circuit judge, sitting on the Court of Appeals by assignment.

to defendant $85,800, "said sum to be interest free", at the rate of $300 per week. Apparently, very few payments were made. In 1980, defendant secured a writ of execution on the divorce judgment, claiming that he was owed over $31,000. Plaintiff moved to quash the writ. The writ was quashed in 1981, but a second one was issued by the same court. Levy was made against real property owned by plaintiff in Macomb County, but sale of the property was stayed. Ultimately, the circuit judge held that his court was without jurisdiction to grant the writ of execution sought by defendant, stating that defendant must seek that writ in Macomb County. To preserve the status quo, however, he allowed the previous order of execution and notice of levy on real estate to remain in force and enjoined defendant from selling, assigning, encumbering, destroying, or otherwise disposing of the property in question. This appeal followed. Defendant challenges the trial court's holding that it lacked jurisdiction to issue execution; plaintiff challenges the decision allowing the notice of levy to remain in place and enjoining her from acting with respect to her property.

The circuit court erred by refusing to recognize its jurisdiction to grant execution on the payment provisions of its divorce judgment. We note first that any circuit court (or other court of record) may issue execution to collect a judgment to the sheriff or other proper officer "of any county of this state". MCL 600.6001; MSA 27A.6001. See *Dewey v Dewey,* 151 Mich 586, 587; 115 NW 735 (1908). See also 11 Michigan Law & Practice, Execution, § 3, p 552.

Our Supreme Court has clearly held that a court which grants a divorce has the power to make a

judgment for money which is subject to execution for its satisfaction. *Bartholomae v Stellwagen,* 277 Mich 618, 619; 270 NW 159 (1936); *Stellwagen v Stellwagen,* 277 Mich 412, 415; 269 NW 216 (1936); *McFarlane v McFarlane,* 298 Mich 595, 599; 299 NW 728 (1941); *Carnahan v Carnahan,* 143 Mich 390, 395; 107 NW 73 (1906); *St Ana v St Ana,* 353 Mich 271, 276-278; 91 NW2d 292 (1958); *Wellman v Wellman,* 305 Mich 365, 372; 9 NW2d 579 (1943). See also *Kavanagh v Kavanagh,* 30 Mich App 636, 638-639; 186 NW2d 870 (1971); *Corley v Corley,* 79 Mich App 499, 502-503; 261 NW2d 65 (1977). See also 2 Michigan Practice, Marriage & Divorce (3d ed), § 1421, p 191. Any barriers to seeking execution without bringing an independent action for a money judgment, see *Toth v Toth,* 242 Mich 23, 26-27; 217 NW 913 (1928), were brought down by the merger of law and equity. See 2 Michigan Practice, Marriage & Divorce (3d ed), § 1423, pp 192-194. It was clearly within the power of the Oakland Circuit Court to issue the writ of execution sought by defendant. It erred by failing to recognize its power to grant the relief requested. Defendant need not bring an independent action to secure a money judgment against plaintiff on which execution may issue; the court which granted the divorce has the full power to grant a final money judgment subject to execution as part of its judgment. It also has the power to enter money judgments upon motion where appropriate. See *St Ana, supra; Corley, supra.* See also 2 Michigan Practice, Marriage & Divorce (3d ed), § 1375, p 162. A divorce judgment containing a money judgment need not state specifically that the money judgment may be enforced by execution. The right to execute is implicit in any judgment for money. MCL 600.6001; MSA 27A.6001. See *Behrens v Chevrie,* 255 Mich 79, 80; 237 NW 551 (1931).

Having decided that the circuit court had the authority to issue the writ of execution sought by the defendant, we need not address the other contentions on appeal. The trial court acted fully within its power in attempting to preserve the status quo in this case. See MCL 600.6104; MSA 27A.6104; 2 Michigan Practice, Marriage & Divorce (3d ed), § 1424, p 194.

Remanded for proceedings consistent with this opinion.