KLIMEK *v.* BORKOWSKI.

1. CONTEMPT—FAILURE TO PAY MONEY WHERE NO SPECIFIC FUND AVAILABLE.

Defendant, ordered in decree to account for and pay over money to plaintiff, may not be committed for contempt for failure to comply, where she had spent money and there was. no specific fund from which payment could be made.

2. SAME—LIES ONLY WHEN PAYMENT NOT ENFORCEABLE BY EXECUTION.

Attachment for contempt for failure to comply with order to pay money will lie only when payment is unenforceable by execution.

On inability to comply with order as defense to contempt, see annotation in 22 A. L. R. 1256; 31 A. L. R. 649; 40 A. L. R. 546; 76 A. L. R. 390.

On trustee's failure to pay over, or account for funds as contempt, see annotation in 60 A. L. R. 322.

3. Appeal and Error—Effect to be Given Decree.
   Supreme Court may read decree before it with reference to issue it was intended to determine.

4. Contempt—Trustee Mala Fides—Execution.
   That defendant, ordered by decree to pay money to plaintiff, might be held trustee *mala fides,* is insufficient to warrant commitment for contempt for failure to pay, where remedy by execution is open.

5. Same—Failure of Decree to Provide for Execution.
   That decree for payment of money did not provide for execution is not decisive of right to commitment for contempt for failure to pay.

Suit by Mary Klimek against Helen Borkowski resulted in decree for plaintiff. Defendant was committed to jail for contempt for failure to comply with terms of decree. On petition for writ of *habeas corpus* by defendant. Submitted April 26, 1932. (Calendar No. 36,398.) Writ granted June 23, 1932.

*E. Katherine Kilpatrick,* for plaintiff.

*Koscinski & Wojcinski,* for defendant.

Clark, C. J. This is *habeas corpus* with accompanying certiorari to test commitment of defendant for contempt in disobedience of a decree for payment of money.

Plaintiff resided in Poland and her husband in Detroit. He, ill at defendant's home, made change of beneficiary in a policy of life insurance for $2,000, naming defendant instead of plaintiff. Defendant received the $2,000, paid funeral expenses and other charges in connection with the death and burial, in all the sum of $600. She also used practically all of the remainder of the fund in paying other bills of herself or her husband.

Upon bill, answer, and proof, decree was entered, finding the change of beneficiary procured by undue influence and to be void, and giving credit for the $600.

The decree is:

"1. That the change of the beneficial interest in said policy from the plaintiff to the defendant by said Anthony Klimek is not the act of the deceased and is therefore void and of no effect.

"2. That the said defendant, Helen Borkowski, be permanently enjoined from disposing of the proceeds of the aforesaid insurance policy except in accordance with the terms of this decree.

"3. That the said Helen Borkowski is hereby declared to be trustee of the proceeds of said insurance policy for and in behalf of the plaintiff, Mary Klimek, in the amount of $1,400.

"4. That the said Helen Borkowski account for and pay to the plaintiff, Mary Klimek, forthwith, the sum of $1,400 with costs to be taxed."

Defendant's response to order to show cause is not important beyond facts above stated.

The case is ruled by *Mast* v. *Washtenaw Circuit Judge,* 154 Mich. 485, as contended by defendant, and not by *Carnahan* v. *Carnahan,* 143 Mich. 390 (114 Am. St. Rep. 660, 8 Ann. Cas. 53), as contended by plaintiff. In the latter case there was a specific fund, then on deposit in the name of the defendant and equitably belonging to the complainant, to be turned over in specie. Under the rule that attachment for contempt for failure to comply with an order to pay money will lie only when payment cannot be enforced by execution (*North* v. *North,* 39 Mich. 67; *Haines* v. *Haines,* 35 Mich. 138; 13 C. J. p. 13), it is obvious that in the *Carnahan Case* an execution in ordinary form could not have accomplished what was

attempted, viz., the laying hold of a particular fund beyond the jurisdiction of the court and turning it over to the complainant.

We may read the decree before us with reference to the issue it was intended to determine. *People* v. *La Mothe,* 331 Ill. 351 (163 N. E. 6, 60 A. L. R. 316). There is no claim of showing at hearing that there was any specific money anywhere upon which defendant could have given check or which she could have assigned or that she actually had control of the money at the time. She merely had received and used money for which she should account. Perhaps she might be held a trustee *ex mala fides,* but, as was said in the *Mast Case:*

"We think something more than this was necessary to be shown to bring the case within *Carnahan* v. *Carnahan,* 143 Mich. 390 (114 Am. St. Rep. 660, 8 Ann. Cas. 53), and that this is an attempt to enforce a money decree by proceedings for contempt, when the remedy by execution is open."

See, also, *People* v. *La Mothe, supra.*

That the decree before us does not provide for execution is not decisive, quoting again from *Mast Case*:

"It is to be noted, first, that the form of the order in the decree should not be held to conclude inquiry as to whether the remedy of execution is still open to the party. See *Swarthout* v. *Lucas,* 102 Mich. 492. The fact that the decree fails to contain an order for an execution does not determine the complainant's rights in that respect. If by law he is entitled to an execution on such a decree, application for a modification of the decree might be made."

Writ granted, with costs. Defendant discharged.

MCDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.