ST. ANA v. ST. ANA.

1. APPEAL AND ERROR—CLAIM OF APPEAL—WITHDRAWAL—MOTION TO
   DISMISS.
   Defendant husband in suit for divorce *held*, entitled to deter-
   mination of question raised by him on first claim of appeal,
   where such claim of appeal was filed, not withdrawn, no motion
   made to dismiss the appeal nor question seasonably raised
   with reference to calendar entries.

2. STATUTES—COURTS.
   The court must interpret a statute as the legislature has enacted
   it.

3. DIVORCE—DECREES—STATUTES—LIENS—SUPPORT OF CHILDREN—
   EXECUTION—RECEIVERS.
   The restriction of the statute relative to divorce decrees that
   in order to impose a lien upon the real and personal estate
   of the husband for payment of alimony or allowance for
   support and education of minor children there be incorporated
   in the decree a provision to that effect, is not set forth with
   respect to the power of the court to award execution or to
   appoint a receiver (CL 1948, § 552.27).

4. SAME—SUPPORT OF CHILDREN—EXECUTION.
   Writ of execution may properly issue for amount determined to
   be due from husband for support of children pursuant to
   divorce decree, where petition for such determination was
   duly filed, hearing had, order thereafter made, and no appeal
   taken therefrom (CL 1948, § 552.27).

Appeal from Oakland; Doty (Frank L.), J. Sub-
mitted June 3, 1958. (Docket No. 6, Calendar No.
47,350.) Decided July 15, 1958.

Bill by Dorothy St. Ana against Joseph St. Ana
resulted in decree of divorce. Subsequently, on
plaintiff's petition, following the failure of defend-

REFERENCES FOR POINTS IN HEADNOTES
[3, 4] 17 Am Jur, Divorce and Separation § 778.
[3] 17 Am Jur, Divorce and Separation § 786.

ant to make payment of support money for children, arrears were determined, a receiver appointed and execution ordered. On further petition, decree entered setting aside a conveyance made to avoid execution. Defendant appeals. Affirmed.

*Raymond A. Fox* and *Richard F. Fox,* for plaintiff.

*Frank J. Sheets,* for defendant.

Carr, J. The parties to this cause were divorced, in 1944, by the circuit court of Oakland county, the decree being filed on May 6th of that year and enrolled on May 26th following. Plaintiff was given the care and custody of the 2 minor children of the parties, then 4 and 5 years of age respectively. Defendant was ordered to pay the sum of $20 per week until the older child reached the age of 18, and thereafter $10 per week until November 15, 1957, on which date the younger child attained the age of 18 years. The property interests of the parties were also determined by the court.

Shortly after the granting of the divorce, defendant, as it is claimed, left the State of Michigan and went to Florida where he has since resided. He did not thereafter make further payments for the support of his children. On August 17, 1956, plaintiff filed a petition in the court reciting the provisions of the decree with reference to the custody and support of the children, alleging defendant's failure and refusal to comply therewith, and stating that defendant had recently acquired real property within the State of Michigan out of which the moneys due from him under the decree might be collected. Plaintiff asked that the court determine the amount due and owing from defendant, and that the issuance of a

writ of execution against defendant's property in this State be authorized.

A supplemental petition was filed on September 24, 1956, alleging that defendant was entitled to receive property, both real and personal, located in Michigan, under the will of his mother, who died testate July 8, 1956, that the estate of the mother was in process of being probated in Dade county, Florida, that ancillary administration proceedings had been instituted in the probate court for the county of Wayne, and that an administrator had been appointed by said court. Plaintiff asked that said administrator be made a party defendant, that a receiver be appointed, and that an injunction issue restraining the administrator from turning over to defendant any money or property from said estate belonging to defendant. In accordance with said petition an order was entered joining the administrator as a party defendant, restraining him from turning over to defendant St. Ana any of the property referred to in the petition, and requiring said defendants to show cause why the injunctive relief sought by plaintiff should not be granted and a receiver appointed.

A second supplemental petition was filed by plaintiff on October 11, 1956, averring that on the 28th of September preceding defendant St. Ana had by quitclaim deed conveyed to Frederick L. Neff the real property in Michigan bequeathed to him under the terms of the mother's will. It was further alleged that the conveyance was made without consideration and for the purpose of defrauding plaintiff. Reference was made to the prior petitions pending before the court, and plaintiff asked that Neff be made a party defendant and that he be restrained by the court from transferring or encumbering the real estate so deeded to him.

Defendants filed their answers to plantiff's petitions, denying her right to the relief sought. Motions to dismiss and for judgment on the pleadings were also filed, each motion being denied by the court. Following a hearing the court by order and supplemental decree filed November 23, 1956, determined that the amount then due to plaintiff under the provisions of the 1944 divorce decree was $11,-613.40. A receiver was appointed as requested by plaintiff. Defendant Neff was enjoined from transferring or encumbering the property in question, and the administrator of the estate of defendant St. Ana's mother was enjoined from paying or transferring to St. Ana money or property due to the latter under any order of distribution made by the probate court. No appeal was taken from the supplemental decree.

The remaining issues in the proceeding, as raised by plaintiff's petitions and the answers thereto, were determined, following a hearing, in a decree filed March 12, 1957. It was therein adjudged that the quitclaim deed from defendant St. Ana to Neff be vacated and declared null and void as against the plaintiff, her heirs and assigns, and that a writ of execution might issue against the property as described in the deed. As appears from the calendar entries, defendant St. Ana filed a claim of appeal on March 26, 1957. Thereafter, under date of April 4, 1957, said defendant filed a motion for rehearing, which was denied on the 8th of April following. The reasons for such denial do not appear in the appendices submitted by counsel or in the original record filed in this Court. While the calendar entries disclose the action taken by the court, appellee insists that no formal order was filed. On April 26, 1957, defendant St. Ana filed a second claim of appeal from the decree of March 12th preceding, and "from order dismissing defendant's petition and motion on rehearing."

On behalf of appellee it is claimed that defendant is not entitled to have his appeal heard by this Court on the theory that the claim thereof first filed was abandoned, that no order was entered on the petition for rehearing, and that the second claim of appeal was not seasonably filed. From the record before us, however, it does not appear that the first claim was withdrawn, or that any attempt to withdraw it was made. We are entitled to assume the correctness of the calendar entries, no question with reference thereto having been seasonably or properly raised. It is significant that no motion was made to dismiss the appeal. Defendant St. Ana is entitled to a determination of the question raised by him.

On behalf of appellant it is claimed that the trial court was without authority to permit the issuance of a writ of execution to be served on the real estate in question. Emphasis is placed on the fact that the decree of divorce did not authorize the enforcement of the provision for the support of the children by such means, nor was the decree subsequently amended by incorporating therein any such provision. It is insisted that a writ of execution may not be authorized other than by the decree. Whether such claim is well-founded depends on the interpretation to be given the provisions of CL 1948, § 552.27 (Stat Ann 1957 Rev § 25.105) which reads as follows:

"In all cases where alimony or allowance (for the support and education of minor children) shall be decreed to the wife, the amount thereof shall constitute a lien upon such of the real and personal estate of the husband as the court by its decree shall direct, and in default of payment of the amount so decreed the court may decree the sale of the property against which such lien is decreed in the same manner and upon like notice as in suits for the foreclosure of mortgage liens; or the court may award

execution for the collection of the same, or the court may sequester the real and personal estate of the husband and may appoint a receiver thereof, and cause such personal estate and the rents and profits of such real estate to be applied to the payment thereof or the court in lieu of a money allowance may decree such a division between the husband and wife of the real and personal estate of the husband or of the husband and wife by joint ownership or right as he shall deem to be equitable and just."

The provisions of the statute clearly indicate that a lien imposed for the purpose of insuring that a provision in a decree of divorce requiring the payment of alimony or payments for the support and education of minor children must be declared in the decree. However, a like restriction is not set forth with reference to the power of the court to award execution, or to appoint a receiver.

We must interpret the statute as the legislature has enacted it. It not being specifically required that authority to permit the issuance of a writ of execution shall be exercised by decree, we are not at liberty to read any such provision into the section quoted. Presumably the legislature considered that encumbering real estate with a lien should be done by decree (the recording of which the court may direct), but that the remedies by way of execution or receivership proceedings may properly be considered, and granted, when and if the necessity therefor arises through failure of compliance with the duty to pay alimony, or to support children. The situation is analogous to that presented when contempt proceedings are instituted to enforce such provisions of a divorce decree. The right to invoke the power of the court in that respect is recognized by statute,* and an order to show cause, or an attachment, may

_____
* See CL 1948, § 552.151 *et seq.* (Stat Ann 1957 Rev § 25.151 *et seq.*).

be granted on the basis of the statute irrespective of the noninclusion in the decree of any specific provision relating to such method of enforcement.

In the case at bar the court that granted the decree of divorce was asked by proper petition to determine the amount due under the requirement for the support of the children of the marriage. Such order was made after hearing. It does not appear that any attempt to appeal therefrom was made, and the correctness of the finding is not in question here. The amount of appellant's obligation being thus fixed, there is no merit to his contention that alimony and support provisions of the decree of divorce are subject to modification, and, hence, that a writ of execution may not properly issue.

This Court has in prior decisions indicated the interpretation given to the statute here in question. In *Dewey* v. *Dewey*, 151 Mich 586, the parties were divorced in September, 1890. Custody of 2 minor children was given to the mother, who was the defendant in the case, and the plaintiff was required to pay a certain sum per week for the support of 1 of said children until age 14 was reached. No payments were made under such provision. In May, 1903, the mother of the child filed a petition alleging the nonpayment, the total amount due, and asking that execution issue forthwith. An order was entered accordingly, and a levy made upon property of the defendant. Thereupon a petition was filed to set aside the order of the court, to recall the writ of execution, and to void the proceedings taken thereunder. It was held that the issuance of the writ of execution was irregular in that it was issued without notice to the petitioner, and that it was otherwise open to objection. The Court expressly recognized, however, the right to file the application and to make an order based thereon, even before enrollment of

the decree, notwithstanding a statutory provision*
forbidding the *issuance* of execution prior to such
enrollment. Under the facts in the case the Court
set aside the sale and all proceedings subsequent to
the filing of the petition, thus expressly recognizing
by its action the propriety of the petition and the
right to enter an order in accordance therewith.

In *Wellman* v. *Wellman*, 305 Mich 365, plaintiff
obtained a decree of absolute divorce from defend-
ant, said decree giving her the care and custody of
a minor child of the parties and requiring defendant
to pay $6 per week until the child attained the age
of 16 years. Defendant became in default and plain-
tiff petitioned the court to determine the amount
due her from defendant and to authorize the is-
suance of a writ of execution to collect the amount
found due. Defendant answered the petition, al-
leging inability on his part to comply fully with the
order. Following a hearing the trial court con-
cluded that defendant had made the payments re-
quired of him to the best of his ability, reduced the
aggregate of payments that defendant had not made,
and provided for monthly instalments to discharge
the obligation thus established. The plaintiff's ap-
plication for writ of execution was denied, and she
appealed. In sustaining the findings of the trial
judge this Court pointed out that under the statute
the circuit court was invested with discretion to
revise a decree granting alimony and payments for
the support of children, and (p 372) "also with dis-
cretion regarding the issuance of execution for the
collection thereof." It was found that there was
no abuse of discretion. See, also, *Sullivan* v. *Sulli-
van,* 300 Mich 640.

In the instant case the trial court was invested
with authority to hear and determine plaintiff's peti-

* See CL 1948, § 623.150 (Stat Ann § 27.1649).—Reporter.

tion, to fix the amount due to her under the terms of the decree, and to authorize the issuance of a writ of execution to enforce collection. The pertinent provisions of the statute were followed, and the order from which the appeal has been taken is affirmed. Plaintiff may have costs.

Dethmers, C. J., and Kelly, Smith, Black, Edwards, Voelker, and Kavanagh, JJ., concurred.