KAVANAGH *v.* KAVANAGH

1. DIVORCE—ALIMONY AWARD—ENFORCEMENT—WRIT OF EXECUTION.
   An award of alimony is a periodical allowance for the wife's support and is enforceable by the issuance of a writ of execution on the husband's property (MCLA § 552.27).

2. DIVORCE—ALIMONY—PAST-DUE ALIMONY—EFFECT OF EXECUTION.
   The amount of alimony in arrears is fixed when an award of execution for past-due alimony is made.

3. DIVORCE—ATTORNEY FEES.
   Awarding the wife in a divorce action $9,214.39 as attorney fees was not improper where $1,500 was awarded in the original judgment in order to allow the wife to maintain the action and the bulk of the remainder was incurred by wife in protecting and conserving property awarded by the original judgment by such things as resolving a federal tax lien on the property caused by the husband's failure to pay income taxes, maintaining an accounting and termination of receivership proceedings against the husband, and maintaining an action for a final judgment awarding execution on all unpaid alimony.

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 3 January 5, 1971, at Lansing.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 709, 710, 715.
[3] 24 Am Jur 2d, Divorce and Separation §§ 571, 576, 580.

(Docket No. 8363.)    Decided February 18, 1971. Leave to appeal denied May 25, 1971, 384 Mich 843.

Complaint for divorce by Thomas W. Kavanagh against Barbara M. Kavanagh. Counterclaim for separate maintenance. Complaint dismissed and judgment for defendant on her counterclaim. Judgment for defendant on all support arrearages. Plaintiff's motion for rehearing denied. Plaintiff appeals. Affirmed.

*Wilcox & Robison* (by *Joseph V. Wilcox* and *Alfonso A. Magnotta*) for plaintiff.

*Foster, Lindemer, Swift & Collins* (by *Theodore W. Swift*) for defendant.

Before: QUINN, P. J., and BRONSON and O'HARA,* JJ.

BRONSON, J. In 1963, plaintiff, Thomas Kavanagh, sued his wife, Barbara Kavanagh, defendant, for divorce. Defendant filed a counterclaim for separate maintenance. When plaintiff moved to Nevada and failed to appear in the matter pursuant to court order, his complaint was dismissed and defendant's counterclaim was allowed.

In the judgment for separate maintenance the court ordered plaintiff to make alimony payments and to pay his wife's attorney fees. When plaintiff failed to make payments for four years, defendant sought a final judgment awarding execution on all arrearages as fixed by the court. Plaintiff was personally served with notice of the motion in Nevada, and after a hearing at which plaintiff failed to appear, the trial court awarded a final judgment of $24,585.55 and execution for that amount. Plain-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tiff appeals from an order denying his motion for rehearing.

Plaintiff contends that the lower court had no authority to enter a final judgment for past-due alimony and that certain attorney fees, incurred in proceedings ancillary to the judgment, were improperly allowed.

At the outset, we note that plaintiff, a resident of Nevada, with little, if any, property in Michigan, does not contest the power of the court to award execution on property in this state in support of an alimony judgment. The essence of plaintiff's claim is that while execution may issue, the amount of past-due alimony is never finally determined because of a statutory grant of power to the court to modify such sums at a later date.[1]

We do not find merit in plaintiff's contention. An award of alimony is a periodical allowance for the wife's support, *Kutchai* v. *Kutchai* (1926), 233 Mich 569, and because of the modifiable nature of the judgment, it is not a proper basis for an action at law, *Nixon* v. *Wright* (1906), 146 Mich 231. However, a court in equity may enforce an award of alimony by issuance of a writ of execution on the husband's property. MCLA § 552.27 (Stat Ann 1957 Rev § 25.105). It follows that when an award of execution for past-due alimony is made, the amount of the obligation in arrears has been fixed. In *St. Ana* v. *St. Ana* (1958), 353 Mich 271, 277, in response to a similar situation, the Court held:

"In the case at bar the court that granted the decree of divorce was asked by proper petition to

---

[1] MCLA § 552.28 (Stat Ann 1957 Rev § 25.106) provides:

"After a decree for alimony or other allowance, for the wife and children, or either of them, * * * the court may, from time to time, on the petition of either of the parties, revise and alter such decree, respecting the amount of such alimony or allowance and the payment thereof."

determine the amount due under the requirement for the support of the children of the marriage. Such order was made after hearing.  *  *  *  The amount of appellant's obligation being thus fixed, there is no merit to his contention that alimony and support provisions of the decree of divorce are subject to modification, and, hence, that a writ of execution may not properly issue."

We cannot accept the implication in plaintiff's argument that property may be sold at an execution sale, the proceeds distributed, and spent by the wife for her support without the amount of the obligation having been finally determined between the parties.

The trial court awarded $9,214.39 as attorney fees. Such an award, made in the sound discretion of the trial judge, is authorized by MCLA § 552.13 (Stat Ann 1957 Rev § 25.93), which provides:

"In every suit brought, either for a divorce, or for a separation, the court, in its discretion, may require the husband to  *  *  *  pay such sums as shall be deemed proper and necessary to conserve any real or personal property owned by the parties, or either of them, during the pendency of the suit; it may also, in its discretion, require the husband to pay any sums necessary to enable the wife to carry on or defend the suit, during its pendency;  *  *  * and award execution for the same."

The record shows that attorney fees sustained by the wife were caused by plaintiff's move to Nevada and his failure to abide by the original judgment. In the original judgment, $1,500 was awarded as an attorney fee to allow the wife to maintain the action and the court reserved the power to add further sums as it became necessary. The bulk of the present award represents fees incurred by the wife in efforts to protect and conserve property awarded by the original judgment, such as: resolution of a

Federal tax lien on the wife's property caused by plaintiff's failure to pay his own income taxes, accounting and termination of receivership proceedings against plaintiff, and an award for the costs of maintaining this particular matter below. Such fees can properly be held to have been incurred during the pendency of the suit. *Mack* v. *Mack* (1938), 283 Mich 365; *Gumbin* v. *Gumbin* (1953), 337 Mich 283.

From an examination of the entire record, we cannot hold, as urged by plaintiff, that the amount of attorney fees awarded is excessive or that the award therefor was improper.

Affirmed. Costs to defendant.

All concurred.