BALMER v. ROSE

1. Divorce—Enforcement—Court's Power.

A court, having the power to enter a divorce judgment, also has the power to enforce the judgment by execution.

2. Judgment—Execution—Jurisdiction—Garnishment.

Circuit court did not have power to issue a writ of garnishment because of the defendant's failure to pay a judgment entered by another circuit court where the court which issued the original judgment chose to use its contempt power to deal with the defendant's failure to pay because the defendant would have no defense since the original judgment is not open to collateral attack.

Appeal from Wayne, Edward F. Bell, J. Submitted Division 1 December 11, 1970, at Detroit. (Docket No. 8694.) Decided February 18, 1971.

Complaint by Rowe A. Balmer against Jack Rose to enforce a judgment awarding attorney's fees. Summary judgment for plaintiff. Defendant appeals. Reversed with instructions.

*Balmer, Skillman & Balmer,* for plaintiff.

Jack Rose, *in propria persona.*

Before: Danhof, P. J., and Holbrook and Vander Wal,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

References for Points in Headnotes
[1] 24 Am Jur 2d, Divorce and Separation § 709.
[2] 24 Am Jur 2d, Divorce and Separation §§ 708, 740, 754.

VANDER WAL, J.   This is an action to enforce a provision of a former judgment.   As a result of the dismissal of defendant's wife's divorce complaint, plaintiff was awarded $4,500 in attorney fees to be paid by defendant.   *Rose* v. *Rose* (1968), 10 Mich App 233.   Defendant has refused to pay that sum as ordered and has been ordered to show cause why he should not be held in contempt of court on six separate occasions; on one of these occasions he chose to spend one year in jail rather than comply with the order of the Oakland County Circuit Court.

Plaintiff then instituted a suit on the judgment in Wayne County Circuit Court.   A writ of garnishment issued to garnishee defendant National Bank of Detroit, but the disclosure shows that defendant's funds in the amount of $487,278.85 were already held by the bank subject to a prior injunctive order of the Oakland County Circuit Court.

The bank then instituted an interpleader action and pursuant to a court order, deposited the $4,500 with the Wayne County Clerk to await judgment. The sum remains with the clerk pending the outcome of this appeal and further order of the court.

Plaintiff then filed a motion for summary judgment which was granted.   Apparently no answer to this motion was filed, but defendant had interposed the affirmative defenses of *res judicata* and the mutual exclusiveness of the two methods of enforcement.

We are not at all sympathetic to those who do not comply with court orders, especially this defendant who has devoted the last few years of his life to showing contempt for our legal system.   However, we find his position in this instance to be well-founded.   The Oakland County Circuit Court could have enforced its own judgment by execution.   *Klimek* v. *Borkowski* (1932), 259 Mich 383.   It chose in-

stead to utilize its contempt power. An action based on that judgment cannot now be maintained in the Wayne circuit because there would be no defense there available to defendant as the prior judgment is not open to collateral attack.

A court of equity having the power to enter the divorce judgment also has the power to enforce that judgment by execution. *Winter* v. *Winter* (1935), 270 Mich 707. Should contempt proceedings continue to prove, as they have in the past, unsatisfactory, the Oakland County Circuit Court may issue a writ of execution based on that judgment, but the present action will not lie.

Accordingly, the decision of the trial court is reversed with orders to enter summary judgment in favor of defendant. The funds now on deposit with the Wayne County Clerk are to be returned to the defendant's account with the National Bank of Detroit, there to remain subject to the injunction and further order of the Oakland Circuit Court.

Costs to defendant.

All concurred.