CORLEY v CORLEY

1. DIVORCE—ALIMONY—ACTION—COURTS—JURISDICTION.

Alimony is a creature of statute which a court has no inherent jurisdiction to award.

2. DIVORCE—ALIMONY—ACTION AT LAW.

A decree of alimony is not such an unalterable and fixed judgment that an action at law can be based on it.

3. DIVORCE—ALIMONY—PAST DUE ALIMONY—JUDGMENT—EXECUTION —STATUTES.

An accrual of past due amounts of alimony may be reduced to the form of a money judgment upon which a party may then proceed to collect by execution; reduction to a judgment has the added advantage to the party seeking to collect the past due amounts that the money judgment is a final judgment which may be enforceable against the defaulting party in a foreign jurisdiction, while the alimony provisions of a divorce decree may not be enforceable (MCLA 552.27; MSA 25.105).

Appeal from Jackson, William F. Ager, Jr., J. Submitted October 6, 1977, at Lansing. (Docket No. 77-772.) Decided November 9, 1977.

Complaint by Anabel H. Corley against Robert W. Corley for divorce. Divorce granted and plaintiff was awarded alimony. Subsequently, defendant discontinued payments of alimony. Plaintiff petitioned for entry of judgment on the amount of alimony arrearages. Judgment entered. Defendant's motion to reduce or eliminate the arrearages denied. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 514, 524.
[2] 24 Am Jur 2d, Divorce and Separation § 713.
[3] 24 Am Jur 2d, Divorce and Separation §§ 709, 715.

*Harris, Lax, Goldman & Gregg,* for plaintiff.

*L. Russell Heuman* and *Rosenburg, Stanton, Bullen & Nelson, P. C.* (by *Terry J. Klaasen),* for defendant.

Before: D. C. RILEY, P. J., and J. H. GILLIS and R. M. MAHER, JJ.

R. M. MAHER, J. Defendant appeals from a judgment of alimony arrearage in the amount of $31,-050. The parties to this litigation were divorced on ·August 18, 1967. A division of the property was made and plaintiff-appellee was awarded periodic alimony of $450 per month, to be reduced to $400 per month upon the graduation from high school of the parties' youngest child. Defendant-appellant was also ordered to pay a fixed sum of $21,075 at the rate of $300 per month from September 1, 1967, until August 1, 1969, and $275 per month thereafter until the full amount plus interest was paid.

In November, 1972, defendant discontinued payments of both the periodic alimony and the alimony in gross. Plaintiff, in April, 1976, petitioned for entry of a judgment on the amount of alimony arrearage. A judgment of alimony arrearage for $31,050 was entered on March 3, 1977. In the same judgment the trial court denied defendant's petition to reduce or eliminate the alimony arrearage. Defendant appeals from the March 3, 1977, order as of right.

Alimony is a creature of statute. A court has no inherent jurisdiction to award it. *Newton v Security National Bank of Battle Creek,* 324 Mich 344; 37 NW2d 130 (1949). MCLA 552.27; MSA 25.105 provides various methods by which a court may enforce its awards of alimony. One of these meth-

ods is "execution for the collection of the judgment".

Defendant argues that the court does not have the authority to enter a money judgment in the amount of the arrearage because the statute gives it none. Defendant claims the amount of accrued alimony can never be finally determined because the awards in alimony decrees in Michigan are modifiable at any time. Even accrued amounts of alimony are subject to modification. *Nixon v Wright,* 146 Mich 231; 109 NW 274 (1906), *Loomis v Loomis,* 273 Mich 7; 262 NW 331 (1935).

Alimony and maintenance decrees do not resemble judgments at law in the pecuniary obligations they impose at the time of their pronouncement. A decree of alimony is not such an unalterable and fixed judgment that an action at law can be based on it. Michigan courts have rejected claims when execution was sought directly on the divorce decree. *Nixon v Wright, supra, Toth v Toth,* 242 Mich 23; 217 NW 913 (1928). In these cases petitioners had not attempted to reduce the accrued amounts in question to judgment before seeking execution.

Some jurisdictions allow execution on the decree itself. Accrued and unpaid installments of alimony are treated as judgments for money upon which execution may issue without further proceedings. The right to the installment becomes absolutely vested when due. See *Allingham v Allingham,* 141 Colo 345; 348 P2d 259 (1959), and *Brandt v Brandt,* 107 US App DC 242; 276 F2d 488 (1960).

In those jurisdictions which allow the modification of alimony payments, including accrued, unpaid installments, past due amounts must be transmuted into the form of a money judgment before a party may proceed by execution. *Joseph Harris*

*& Sons, Inc v Van Loan,* 23 NJ 466; 129 A2d 571
(1957), *Smith v Smith,* 168 Ohio St 447; 156 NE2d
113 (1959), *Snow v Snow,* 8 App Div 2d 516; 190
NYS2d 902 (1959).

This practice has been sanctioned in Michigan
on the ground that the proceeding fixes what had
not been made final in the divorce decree. Before
entering the judgment for the arrearage, the court
has the opportunity to determine if the accrued
amount is to be modified. After this determination,
the amount owed becomes fixed.

> "In the case at bar the court that granted the decree
> of divorce was asked by proper petition to determine
> the amount due under the requirement for the support
> of the children of the marriage. Such order was made
> after hearing. * * * The amount of appellant's obliga-
> tion being thus fixed, there is no merit to his contention
> that alimony and support provisions of the decree of
> divorce are subject to modification, and, hence, that a
> writ of execution may not properly issue." *St Ana v St
> Ana,* 353 Mich 271, 277; 91 NW2d 292 (1958).

The practice of reducing accrued installments to
a money judgment is the logical corollary to the
rule that even arrears of alimony may be modified.
Clark, Law of Domestic Relations, § 14.10, pp 471–
472. Once it is determined that the alimony provi-
sions are not to be modified, it is reasonable and
fair to reduce the amount to a judgment on which
the petitioner can execute in accord with MCLA
552.27; MSA 25.105.

In the instant case, plaintiff did not seek execu-
tion on the decree itself, as did the petitioners in
*Nixon v Wright, supra,* and *Toth v Toth, supra.*
The trial court was asked to reduce the arrearage
to judgment; it had the opportunity and the power
to reduce or eliminate the accrued alimony but

chose not to. The type of action plaintiff took was expressly approved by this Court in *Kavanagh v Kavanagh,* 30 Mich App 636; 186 NW2d 870 (1971).

"[A] court in equity may enforce an award of alimony by issuance of a writ of execution on the husband's property. MCLA § 552.27 (Stat Ann 1957 Rev § 25.105). It follows that when an award of execution for past due alimony is made, the amount of the obligation in arrears has been fixed." 30 Mich App at 638.

Plaintiff's predicament in the present case demonstrates the need for and soundness of an action which allows a party to reduce accrued installments of alimony to judgment. Defendant lives in North Carolina. The North Carolina courts are not obligated to enforce the alimony provisions of a Michigan divorce decree since, on the basis of the decree itself, no vested rights exist which the courts of another state may enforce. *Sistare v Sistare,* 218 US 1; 30 S Ct 682; 54 L Ed 905 (1910), *Barber v Barber,* 323 US 77; 65 S Ct 137; 89 L Ed 82 (1944). Even if North Carolina did recognize the alimony provisions of the decree itself, the form of remedy to enforce payment of the alimony awarded is determined by the law of North Carolina, the state in which enforcement is sought. 27B CJS, Divorce, § 406, p 926. A foreign alimony award is enforceable in North Carolina by execution and not by contempt proceedings. *Willard v Rodman,* 233 NC 198; 63 SE2d 106 (1951). Defendant would have effectively divested himself of his legal obligation by removing himself from Michigan. Plaintiff would be without recourse. The reduction of the accrued alimony to a money decree gives plaintiff a final judgment which the North Carolina courts will recognize and upon which

plaintiff can execute in the courts of that state. See *Lockman v Lockman,* 220 NC 95; 16 SE2d 670 (1941), *Willard v Rodman, supra.*

The trial court acted properly in reducing to judgment past due installments of periodic alimony. As for the alimony in gross, we note that plaintiff need not have reduced that amount to judgment. An action at law on the decree itself would have been proper since the divorce judgment set a fixed amount in gross. *Bartholomae v Stellwagen,* 277 Mich 618; 270 NW 159 (1936). But there is nothing incorrect in the way plaintiff chose to proceed. Given the two types of alimony provided for in the decree, having the entire amount reduced to judgment was a suitable procedure.

We find no merit in defendant's other issue on appeal. Defendant agreed to a stipulation that the case be submitted on briefs and failed to seek discovery or a hearing afterwards.

Affirmed. Costs to plaintiff.