WELLS v WELLS

Docket No. 78652. Submitted April 8, 1985, at Detroit.—Decided
    August 6, 1985.

Carol A. Wells brought an action for divorce against Ronald C.
    Wells in Monroe Circuit Court. The divorce was granted. The
    judgment of divorce provided that defendant pay child support
    to plaintiff for the support of the two children of the marriage,
    custody of whom was given to plaintiff subject to certain
    visitation rights by defendant. Shortly after the entry of the
    divorce judgment, plaintiff moved for an order to show cause,
    alleging that defendant had failed to pay support and medical
    bills and had failed to return some of plaintiff's personal
    property. Defendant countered with a motion seeking certain
    support credits and a reduction in the child support obligation.
    A hearing was held, and the trail court, James J. Kelley, Jr., J.,
    ordered the return of plaintiff's personal property, referred
    plaintiff's request for medical payments and defendant's re-
    quest for modification of the support provisions to the Friend of
    the Court for investigation, and imposed a lien upon defen-
    dant's assets to secure payment of the child support obligation
    mandated by the judgment of divorce. There followed a year of
    motions and hearings. Ultimately, following a hearing, the
    parties stipulated to the amount of child support in arrearage.
    The trial court denied defendant's motions for reduction in
    child support and for credit against child support for the time
    the children were with him, found that there was an arrearage

REFERENCES FOR POINTS IN HEADNOTES

[1-3] Am Jur 2d, Divorce and Separation § 1056 et seq.
    See the annotations in the ALR3d/4th Quick Index under topic
    Custody and Support of Children.
[4] Am Jur 2d, Contempt § 104 et seq.
    See the annotations in the ALR3d/4th Quick Index under topic
    Contempt.
[5] Am Jur 2d, Divorce and Separation § 1078 et seq.
    Power of court to modify decree for support of child which was
    based on agreement of parties. 61 ALR3d 657.
[6] Am Jur 2d, Divorce and Separation § 426.
    See the annotations in the ALR3d/4th Quick Index under topic
    Divorce and Separation.

which defendant was capable of paying, and determined that defendant was in contempt of court by reason of his failure to comply with the child support and medical insurance provisions of the divorce judgment. The court subsequently entered an order which imposed a lien on the defendant's real estate, authorized plaintiff to execute the lien to collect child support arrearages, and instructed the attorneys to furnish briefs on the question of the power of the court to order the sale of defendant's property and hold the proceeds for future payment of child support. Defendant appealed. *Held:*

1. The statute relative to liens to secure child support payments clearly requires that such a lien shall be a part of the divorce judgment. Since the divorce judgment did not provide for a lien to secure the child support payment, it was improper for the trial court to impose the lien on defendant's property. The proper method of enforcement under these circumstances would have been to reduce the arrearages to a judgment and then provide for execution on that judgment.

2. The trial court did not abuse its discretion in holding defendant in contempt of court for failing to abide by the provision of the divorce judgment; however, that finding of contempt did not empower the court to impose as a sanction for that contempt a lien on the property of defendant.

3. The trial court did not abuse its discretion in refusing to amend the child support provisions of the judgment of divorce.

Affirmed in part, reversed in part, and remanded.

1. DIVORCE — LIENS — CHILD SUPPORT — JUDGMENTS.

A lien upon the real and personal estate of a party to a divorce may be imposed to insure payment of support only where such lien is made part of the divorce judgment; accordingly, it is error for a trial court to impose a lien upon the property of a party to a divorce and to order sale of the property subject to that lien as part of supplemental proceedings relative to the failure to pay support where the lien is not part of the divorce judgment (MCL 552.27; MSA 25.105).

2. DIVORCE — CHILD SUPPORT — LIENS — EXECUTION — RECEIVERS.

The statutory restriction on the power of a court to impose a lien to enforce the support provision of a divorce judgment to those cases where the lien is part of the divorce judgment does not affect the power of a court to award execution or to appoint a receiver (MCL 552.27; MSA 25.105).

3. DIVORCE — CHILD SUPPORT — CONTEMPT.

A court may find a person subject to a child support provision of

a divorce judgment in contempt of court for failure to pay such child support where the person so ordered has sufficient present ability to obey the support order; the question of the issuance of a contempt order under such circumstances is addressed to the discretion of the court (MCL 552.533, 552.535; MSA 25.164[33], 25.164[35]).

4. CONTEMPT — LIENS.
    Imposing a lien on the assets of one found in contempt of court is not a proper method of punishment for contempt.

5. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT.
    Modification of child support orders is within the discretion of the trial court and its decision on the question of modification of the award will not be disturbed absent a clear abuse of discretion.

6. DIVORCE — APPEAL — MODIFICATION OF DIVORCE DECREES — FINDINGS OF FACT.
    Appellate review of divorce decree modifications is *de novo*, but the Court of Appeals nevertheless gives grave consideration to findings made by the trial court and will not reverse the trial court's decision unless it is convinced that it would have reached a different result had it occupied the trial court's position.

*James T. Henley,* for plaintiff.

Before: HOOD, P.J., and V. J. BRENNAN and R. M. MAHER, JJ.

PER CURIAM. The parties were divorced by a judgment entered on December 20, 1982. Plaintiff attempted in several subsequent proceedings to compel defendant to pay child support arrearages. Defendant appeals as of right from the last order entered by the trial court, objecting to the trial court's use of its contempt power and the imposition of a lien on his real property to compel payment of the most recent arrearages.

The divorce judgment gave plaintiff custody of the two minor children and ordered defendant to pay $120 per week in child support. No alimony

was awarded. Defendant was given visitation rights with both children every other weekend and with each child separately one night a week. He also had the children for seven weeks in the summer. Visitation disputes later exacerbated the problems between the parties. A detailed property settlement was set out, the key provision of which gave the defendant sole right to a farm, which constituted the marital home. In return, defendant was to pay plaintiff $37,500 for her interest in the marital home. The farm was mortgaged and had been in the defendant's family for many years.

Plaintiff moved for an order to show cause on January 13, 1983, alleging *inter alia* that defendant failed to pay support and medical bills and failed to return some of plaintiff's personal property. Before the hearing, defendant moved on January 25, 1983, for child support credits and a reduction of his child support obligation. Defendant alleged that he had suffered a recurrence of an old back injury on December 1, 1982, that his employer had refused to pay workers' compensation benefits and that a formal petition on his compensation claim was pending. Following the show cause hearing on January 28, 1983, an order was entered on March 3, 1983, requiring defendant to return plaintiff's property. Plaintiff's request for payment of medical expenses and defendant's request for support modification were referred to the Friend of the Court for investigation and recommendation. A lien was imposed on defendant's assets, including the farm, to secure "payment of child support ordered pursuant to said Judgment of Divorce". Defendant was ordered not to transfer the property without the court's release. Additionally, several payments owing to defendant from a farm lease were ordered to be paid directly to the court.

Another hearing apparently took place on March 30, 1983, also pursuant to the January 13, 1983, order to show cause. An order was entered on April 26, 1983, requiring defendant to pay to the Friend of the Court all payments received from the lease of his farm and to pay to the circuit court his tax refunds for 1983. Defendant's earlier motion for modification of child support was held in abeyance and prior orders of the court remained in effect. In response to a motion by defendant for clarification, an additional order was entered on May 10, 1983, providing in part that defendant's motion for child support modification should be brought before the court when defendant's worker's compensation case was resolved.

On July 29, 1983, defendant moved for review of the previous orders by the circuit court, since he was unable to comply with them. No direct disposition of this motion appears in the record.

Plaintiff again moved for an order to show cause on August 2, 1983, alleging that defendant had refused to deposit his tax refund with the court and had endangered the children during visitations. She requested restriction of visitation and sale of defendant's property to provide child support. Plaintiff also requested attorney fees. A show cause hearing was held on August 12, 1983. By order entered September 9, 1983, defendant was ordered to make financial records available to plaintiff and to refrain from giving his children motorcycle rides or permitting them in his boat without life preservers. Plaintiff was allowed to apply for foreclosure of the lien on defendant's property.

Defendant apparently had a possibility of obtaining a truck driving job in Ohio which required him to have his own equipment. On October 7, 1983, he moved for a release of the lien on his real estate to

secure a loan for a truck, arguing that the bank required priority as a creditor to secure the loan. The hearing on this motion was adjourned and does not appear to have been rescheduled.

Meanwhile, on October 18, 1983, plaintiff moved to modify defendant's visitation rights. An order to show cause was entered on the same day, relating to defendant's failure to supply financial records to plaintiff's attorney. Defendant apparently agreed to provide the records and failed to appear at the hearing on modification of visitation rights.

On December 1, 1983, plaintiff again moved for an order to show cause. She alleged that defendant owed $2,961.50 in child support, had failed to pay $2,015 in expenses for psychological counseling for the children, had not maintained medical insurance on the children, and had failed to pay some additional medical bills. The motion detailed defendant's previous violations of court orders. Plaintiff sought $1,993.65 in attorney fees and requested that defendant be held in contempt of court and jailed until he met his obligations. A hearing was held on December 9, 1983. According to defendant's brief and a summary in the record, the court ordered that the defendant's farm be sold. Defendant's brief states that defendant was found in contempt of court, but this is not supported by the record. No order was entered. Following this, however, defendant paid all arrearages, and the lien on his assets was released by stipulation of the parties on February 24, 1984.

Defendant appealed none of these orders.

Finally, plaintiff again moved for an order to show cause on March 7, 1984, alleging that defendant was $1,311 behind in support payments and had still failed to provide medical insurance for the children. A hearing was held on March 28, 1984. Plaintiff's prior motion for restriction of

visitation was included, as was defendant's prior motion to reduce child support.

At the conclusion of the hearing, the attorneys agreed that $1,521 was due in child support. Plaintiff requested that the court take control of defendant's property. Defendant asked for credit in child support for the weeks he had the children in the summer, which would eliminate all arrearages.

The trial court ruled that, since the divorce judgment did not provide for credit for periods when defendant had the children during the summer and the judgment had been approved as to form and content by both attorneys, no credit would be allowed. The court found that defendant had borrowed large sums of money and was able to spend some of it on movies, skating, and similar luxuries for the children, noting that it "seems he can pay everything but the child support". Defendant had a farm with an equity of $88,000. The trial court perceived defendant as uninterested in supporting his children. Accordingly, the trial court concluded that the defendant owed $1,521 in support and had sufficient ability to comply with the support obligation and remove the arrearages. The defendant was determined to be in contempt of court for his refusal to comply with the child support obligation and the medical insurance requirements of the judgment. Defendant's motion for a reduction in child support was denied, since it was found that defendant could pay. Plaintiff's attorney requested that the lien on the farm be reimposed and the land sold, with the proceeds deposited to guarantee future payment.

An order was entered May 24, 1984. It differs from the bench opinion in that it imposed a lien on the real estate, and authorized plaintiff to execute the lien to collect child support arrearages. The order also required both attorneys to

furnish briefs within four weeks concerning the power of the trial court to order the sale of defendant's property and to hold the proceeds for payment of future child support. Defendant appeals from this order as of right.

Defendant claims that the trial court erred in imposing a lien on defendant's real property to satisfy child support arrearages since the divorce judgment failed to provide for a lien. We agree.

MCL 552.27; MSA 25.105 provides for several means of enforcing child support orders by resort to a party's property:

"In all cases where alimony or allowance for the support and education of minor children shall be awarded to either party, the amount thereof *shall* constitute a lien upon such of the real and personal estate of the adverse party as the court by its judgment shall direct, and in default of payment of the amount so awarded the court may order the sale of the property against which such lien is adjudged in the same manner and upon like notice as in suits for the foreclosure of mortgage liens; or the court may award execution for the collection of the judgment, or the court may sequester the real and personal estate of either party and may appoint a receiver thereof, and cause such personal estate and the rents and profits of such real estate to be applied to the payment thereof or the court in lieu of a money allowance may award such a division between the husband and wife of the real and personal estate of either party or of the husband and wife by joint ownership or right as he shall deem to be equitable and just."

Defendant correctly notes that the statute requires that a lien imposed to insure payment of support must be provided for in the divorce judgment. *St Ana v St Ana,* 353 Mich 271, 276; 91 NW2d 292 (1958). The amendments to the statute since *St Ana* was decided have been concerned with eliminating the archaic use of terms like

"decree" and by making the provisions applicable to either party. Therefore, the lien imposed by the trial court in the instant case was improper.

The restriction, however, does not apply to the court's statutory power to award execution on the property or to appoint a receiver. *St Ana, supra; Talbot v Talbot,* 99 Mich App 247; 297 NW2d 896 (1980), *lv den sub nom Talbot v Burns,* 410 Mich 903 (1981) (child support); *Kavanagh v Kavanagh,* 30 Mich App 636; 186 NW2d 870 (1971), *lv den* 384 Mich 843 (1971) (alimony). Before these methods may be used, the amount of arrearage must be reduced to a judgment at law since it is such judgment, rather than the divorce judgment, which is being enforced. Reduction to judgment is not a new cause of action, so new process is unnecessary. Nor does reduction of the amount of arrearage to judgment terminate the court's jurisdiction. *Talbot, supra,* pp 252-253.

The trial court improperly imposed a lien on defendant's property and, thus, could not order sale of the property pursuant to MCL 552.27; MSA 25.105. The proper procedure here would have been to reduce the arrearage to judgment and then either order execution on the judgment or appoint a receiver after sequestering defendant's property.

Defendant's next claim is that the trial court improperly applied the contempt sanction.

Notwithstanding defendant's statement of facts, defendant was only found in contempt of court at the March 28, 1984, hearing.

Contempt of court is currently available as a sanction in cases of failure to pay child support by authority of MCL 652.633; MSA 25.164(33), which provides:

"The court may find a payer in contempt if the court

finds that the payer is in arrears and if the court is satisfied that the payer has the capacity to pay out of currently available resources all or some portion of the amount due under the support order. In the absence of proofs to the contrary introduced by the payer, the court shall presume that the payer has currently available resources equal to 4 weeks of payments under the support order. The court shall not find that the payer has currently available resources of more than 4 weeks of payments without proof of such resources by the office of the friend of the court or the recipient of support. Upon finding a payer in contempt of court under this section, the court may immediately enter 1 of the following orders:

"(a) Committing the payer to the county jail.

"(b) Committing the payer to the county jail with the privilege of leaving the jail, during such hours as the court determines and under such supervision as the court considers necessary, for the purpose of allowing the payer to go to and return from his or her place of employment.

"(c) Committing the payer to any penal or correctional facility in this state which is not operated by the state department of corrections."

MCL (552.635; MSA 25.164(35) further provides in part:

"(1) The court may find a payer in contempt if the court finds that the payer is in arrears and if the court is satisfied that by the exercise of diligence the payer could have the capacity to pay all or some portion of the amount due under the support order and has failed or refused to do so.

"(2) Upon finding a payer in contempt of court under this section, the court may immediately enter an order committing the payer to the county jail with the privilege of leaving the jail, during such hours as the court determines and under such supervision as the court considers necessary, for the purpose of allowing the payer to go to and return from his or her place of employment or, if the person wishes to seek employment, to seek employment.

"(3) If the support order was entered by the circuit court before the effective date of this act and if the payer is unemployed at the time the contempt proceeding is commenced, the court shall order income withholding for future income."

Since these provisions are relatively new, case law has generally interpreted the similar provisions of repealed MCL 552.201; MSA 25.161. Civil contempt is a coercive remedy designed to induce compliance with a court order by threatening incarceration until compliance is rendered. The issuance of an order of contempt is in the sound discretion of the court. The trial court must consider whether, under all the circumstances, the payer has sufficient present ability to obey the support order. This will involve consideration of many factors, including employment, work opportunities, diligence, and assets of the payer. *Sword v Sword,* 399 Mich 367, 378-380; 249 NW2d 88 (1976). The circumstances of every case will require different inquiries. *Butler v Butler,* 80 Mich App 696; 265 NW2d 17 (1978).

The trial court in the instant case conducted an extensive inquiry and found that defendant was able to comply with the order since he had resources available to him and was able to spend money on his children during their visits. Finding defendant in contempt of court for failure to make his support payments was, therefore, not an abuse of discretion. No contempt sanction, however, was imposed by the May 24, 1984, order. Defendant was not threatened with imprisonment if he persisted in his disobedience and did not satisfy the past due child support obligation.

Defendant argues that the circuit court imposed a contempt sanction by imposing a lien on defendant's assets. The two actions in this case do not

appear to be separate even though the trial court had previously imposed a lien without finding defendant in contempt. The reasons for the court's failure to act upon its March 28, 1984, contempt finding are unclear.

Thus, it is our opinion that the lien imposed was directly related to the contempt finding and this method of punishment was improper. A lien under appropriate circumstances is a separate enforcement method which may be used when contempt proceedings have failed. See *Balmer v Rose,* 30 Mich App 662; 186 NW2d 833 (1971). We find that a remand is appropriate in the instant case. First, the lien imposed on defendant's property was improper under MCL 552.27; MSA 25.105. Second, the lien imposed was also an improper sanction for contempt. There was no order holding defendant in contempt and, therefore, we cannot conclude that the contempt proceedings (had an appropriate sanction been ordered) failed. On remand, we instruct the trial court to vacate the lien imposed on the property and to hold a hearing to determine whether defendant is still in arrears. If defendant is in arrears, the court has the authority to reduce the arrearages to judgment, upon which plaintiff may proceed with execution on the judgment. The court also has the authority to exercise its contempt power and issue an order pursuant to its March 28, 1984, finding.

Defendant's last claim is that the trial court abused its discretion in refusing to modify defendant's child support obligations. A trial court has the power to modify child support orders if the petitioning party is able to show changed circumstances sufficient to justify the modification. All relevant factors must be considered in determining if there has been a sufficient change. The modification is in the trial court's discretion and its deci-

sion will not be disturbed absent a clear abuse of discretion. Appellate review is *de novo,* but this Court gives "grave consideration" to the trial court's findings and will not reverse unless it is convinced it would have reached a different result had it been in the trial court's position. *Jacobs v Jacobs,* 118 Mich App 16, 20; 324 NW2d 519 (1982).

Defendant's interest in preserving his farm is certainly significant. His interest in caring for his children seems paramount; however, defendant has the obligation of paying for support, and the record clearly shows that he has the means to do so. Therefore, in our opinion, the trial court's denial of the motion for support reduction was proper.

Affirmed in part, reversed in part and remanded for proceedings not inconsistent with this opinion. We retain no further jurisdiction.