SMITH v SMITH

Docket No. 85813. Submitted August 4, 1986, at Grand Rapids.
    Decided November 3, 1986.

Plaintiff Billie Smith filed a complaint in the Shiawassee Circuit
    Court seeking a judgment of divorce from defendant Marvin J.
    Smith. An interim order for support was thereafter entered
    providing that defendant pay $36 per week for the support of
    his minor child. Defendant did not make regular payments and
    an order to show cause was then entered pursuant to a petition
    by the Friend of the Court. The trial court, Gerald D. Los-
    tracco, J., held a show cause hearing wherein defendant was
    found in contempt for failure to pay his child support obliga-
    tions when he was able to do so. The court ordered defendant
    to pay $1,000 towards his arrearage or serve forty-five days in
    the county jail. The defendant indicated that he could not pay
    the $1,000 and therefore was committed to jail. Defendant
    appeals.

The Court of Appeals held:

1. Defendant's testimony supports the trial court's finding
    that defendant was able to make some payments on his support
    obligation but failed to do so. The trial court did not abuse its
    discretion in finding defendant in contempt of court.

2. The contempt order is modified to provide that defendant
    be given the privilege of leaving the jail, under the supervision
    of the county sheriff, during such hours as the sheriff deems
    necessary, for the purposes of allowing defendant to go to his
    place of employment or to seek employment.

3. The record supports the findings that other remedies
    appeared unlikely to correct defendant's failure or refusal to
    pay child support and that the defendant was $4,675 in arrears.

4. The trial court was not under a constitutional mandate to
    appoint counsel for defendant at the show cause hearing.

Affirmed as modified.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 798-812.

Who may institute civil contempt proceedings. 61 ALR2d 1083

Pleading and burden of proof, in contempt proceedings, as to ability
    to comply with order for payment of alimony or child support. 53
    ALR2d 591.

1. DIVORCE — CONTEMPT — CIVIL CONTEMPT — NONSUPPORT.

A court may find a payer of child support in contempt if the court finds that the payer is in arrears and if the court is satisfied that by the exercise of diligence the payer could have the capacity to pay all or some portion of the amount due under the support order and has failed or refused to do so; factors to be considered in determining whether a defendant has a sufficient present ability to pay such an order include: (1) employment history; (2) education and skills; (3) work opportunities; (4) diligence in seeking employment; (5) defendant's personal history, including present means of support; (6) assets; (7) health and physical ability to obtain employment; and (8) availability for work (MCL 552.635[1]; MSA 25.164[35][1]).

2. DIVORCE — CONTEMPT — CIVIL CONTEMPT — NONSUPPORT — COMMITMENT TO JAIL — WORK RELEASE.

An order finding a payer of child support in contempt of court for failing or refusing to pay child support and committing the payer to the county jail may include a provision that the payer be given the privilege of leaving the jail to go to his place of employment or to seek employment (MCL 552.635[2]; MSA 25.164[35][2]).

3. DIVORCE — CONTEMPT — CIVIL CONTEMPT — NONSUPPORT — COMMITMENT TO JAIL — OTHER REMEDIES.

An order committing a payer of child support to jail for contempt of court for failing or refusing to pay child support must be supported by a finding that other remedies appear unlikely to correct the payer's failure or refusal to pay support (MCL 552.637[1]; MSA 25.164[37][1]).

4. DIVORCE — CONTEMPT — CIVIL CONTEMPT — RIGHT TO COUNSEL — NONSUPPORT — CONSTITUTIONAL LAW.

The appointment of an attorney for an indigent in a civil nonsupport proceeding for contempt does not rise to the level of a guaranteed constitutional right as a general rule; in some cases there may be special circumstances which would lead the trial judge to appoint counsel (US Const, Am VI).

*Mark J. Van Epps,* for defendant.

Before: HOOD, P.J., and D. E. HOLBROOK, JR., and W. R. PETERSON,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant appeals as of right from a June 6, 1985, order entered in Shiawassee Circuit Court finding defendant in contempt for failure to comply with an interim order for child support. The trial court ordered defendant to pay $1,000 towards his arrearage or serve forty-five days in the county jail.

Plaintiff Billie Smith originally filed her complaint for divorce on April 25, 1978. On May 8, 1978, an interim order for support was entered providing that defendant was to pay $36 per week for the support of his minor child commencing on May 1, 1978. Apparently defendant did not make regular payments and on February 21, 1980, an order to show cause was entered pursuant to a petition by the Friend of the Court.

On March 23, 1981, an order was entered dismissing plaintiff's complaint for divorce because neither party appeared for trial. Additionally, the order abated defendant's support obligations, but preserved an outstanding arrearage of $4,675 owed to the State of Michigan. The circuit court further ordered a bench warrant for defendant's arrest which was effected on June 5, 1985. On June 6, 1985, a show cause hearing was held, wherein defendant was found in contempt for failure to pay his child support obligations of $36 per week when he was able to do so. Defendant was ordered to immediately pay the sum of $1,000 toward his arrearage or serve forty-five days in the county jail. Since defendant testified that he had only $66 to his name on the date of the show cause hearing, he was committed to jail. The lower court record indicates that on June 27, 1985, a $500 ten percent cash bond was paid to secure defendant's release

from custody on the civil contempt charge.

Defendant first asserts on appeal that the trial court erred in finding him in contempt of court. We disagree. Pursuant to two statutory provisions contempt of court is available as a sanction in cases of failure to pay child support. The applicable section in the instant case is MCL 552.635; MSA 25.164(35), which provides for a finding of contempt if a payer who is in arrears and who, by the exercise of due diligence, has the capacity to pay the amount due, fails or refuses to so pay:

> (1) The court may find a payer in contempt if the court finds that the payer is in arrears and if the court is satisfied that by the exercise of diligence the payer could have the capacity to pay all or some portion of the amount due under the support order and has failed or refused to do so.

Since this civil contempt provision is relatively new, this Court has relied on interpretations of similar provisions of now-repealed MCL 552.201; MSA 25.161. *Wells v Wells,* 144 Mich App 722, 732; 375 NW2d 800 (1985). The *Wells* panel noted that civil contempt is a coercive remedy that is designed to induce compliance with a court order by the threat of incarceration until there is compliance with the order. *Id.* The issuance of an order of contempt is in the sound discretion of the trial court. However, the trial court must consider whether the payer has sufficient present ability to comply with the support order. *Sword v Sword,* 399 Mich 367, 378; 249 NW2d 88 (1976), reh den 400 Mich 952 (1977); *Wells, supra,* p 732. The factors to be considered in determining whether a defendant has a sufficient present ability to obey such an order include: (1) employment history; (2) education and skills; (3) work opportunities; (4)

diligence in seeking employment; (5) defendant's personal history, including present means of support; (6) assets; (7) health and physical ability to obtain employment; and (8) availability for work. *Sword, supra,* pp 378-379; *Wells, supra,* p 732.

At the show cause hearing defendant testified that he was unemployed and last worked as a landscaper in Florida in January, 1985, earning approximately $100 per week. He did not pay child support during this time. Prior to this, defendant was employed by a contractor for approximately seven or eight months, earning $130 a week. He did not pay any child support while he was employed by the contractor. The only time he paid child support was while he was working for the Shiawassee Community Development Corporation. We find that defendant's testimony supports the trial court's finding that defendant was able to make some payments on his support obligation but failed to do so. We therefore conclude that the trial court did not abuse its discretion in finding defendant in contempt of court under § 35.

However, we note that § 35 permits the court to enter an order committing the defendant to the county jail with the privilege of leaving to go to his place of employment or to seek employment:

(2) Upon finding a payer in contempt of court under this section, the court may immediately enter an order committing the payer to the county jail with the privilege of leaving the jail, during such hours as the court determines and under such supervision as the court considers necessary, for the purpose of allowing the payer to go to and return from his or her place of employment or, if the person wishes to seek employment, to seek employment.

Here, although defendant testified that he was

willing to seek employment, the trial court's order failed to provide for a work release. We believe that a work release advances the purpose of civil contempt by combining the coercive aspect of jail with the aspect of providing the payer with the means to effect compliance with the order. Therefore, while we affirm the contempt order, pursuant to the powers provided in MCR 7.216(A), we modify same. Specifically, since it appears that defendant does not have the present ability to pay the arrearage and has been committed to the county jail for contempt, the order is modified to provide that defendant be given the privilege of leaving the jail, under the supervision of the county sheriff, during such hours as the sheriff deems necessary, for the purposes of allowing defendant to go to his place of employment or to seek employment.[1]

We find defendant's other arguments with respect to the contempt order to be without merit. Pursuant to MCL 552.637(1); MSA 25.164(37)(1) the record in the instant case supports a finding that other remedies appeared unlikely to correct defendant's failure or refusal to pay child support. Further, there was sufficient evidence on the record to support a finding that defendant was $4,675 in arrears. Accordingly, we conclude that entry of an order finding defendant in contempt pursuant to § 35 was permissible.

Finally defendant contends he was denied due process of law because he was not represented by an attorney at the show cause hearing. This claim has been considered and rejected in a well-reasoned opinion by the Supreme Court in *Sword,*

---

[1] While this issue in the present case may well be moot for the reason that defendant has been released on bond, we hold as we do in the event the same issue should arise in the future and for the benefit of bench and bar.

*supra.* We find this opinion to be persuasive and accept it in rejecting defendant's claim. Although the Supreme Court noted that the court may appoint counsel if the civil contempt proceeding is complex, we do not find that such was the situation here, nor does defendant make such a claim. Accordingly, defendant's argument is without merit.

Affirmed as modified.